IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST          )
FROM ARGENTINA                   )
IN THE MATTER OF                 )        Misc. No. 05-
EDUARDO ISRAEL                   )

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the
Application for an Order pursuant to Title 28, United States
Code, Section 1782, in order to execute a  letter of request from
Argentina. The translation is attached.

FACTUAL BACKGROUND:

This investigation is being conducted by the Argentine
authorities who are investigating smuggling.

EVIDENCE SOUGHT:

The Argentine authorities seek information from an
individual that may reside in this District.  The authority for
this Court to accede to this request is contained in Title 28,
United States Code, Section 1782, which states in part:

    (a)  The district court of the district in which a person
resides or is found may order him to give his testimony
or statement or to produce a document or other thing for
use in a proceeding in a foreign or international
tribunal, including criminal investigations conducted
before formal accusation.  The order may be made pursuant
to a letter rogatory issued, or request made, by a
foreign or international tribunal or upon the application
of any interested person and may direct that the
testimony or statement be given, or the document or other
thing be produced, before a person appointed by the

court.   By  virtue  of  his  appointment,  the  person appointed has power to administer any necessary oath and take the testimony or statement.  The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international  tribunal,  for  taking  the  testimony  or statement or producing the document or other thing.   To the extent that the order does not prescribe otherwise, the  testimony  or  statement  shall  be  taken,  and  the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The  proper  criteria  for  determining  whether  the  court

should exercise its discretion in favor of executing the request

are outlined in *In Re Request for Judicial Assistance from the*

*Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977)

(citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made  by  a  foreign  or  international tribunal,  and  that  the  testimony  or material  requested  be  for  use  in  a proceeding in such a tribunal.... [and] that the investigation in connection with the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, " (t)he judicial proceeding for which assistance is

sought ... need not be pending at the time of the request for

assistance; it suffices that the proceeding in the foreign tribunal

and its contours be in reasonable contemplation when the request is

made." In Re Letter of Request from the Crown Prosecution Services

of the United Kingdom, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the

information sought is for use in such proceedings in Argentina and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled *ex parte,* and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE**, the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY:  Richard G. Andrews
Assistant U.S. Attorney
Delaware Bar I.D. No.2199
1007 N. Orange Street
Wilmington, DE    19801
(302) 573-6277

Dated: 4/12/05